# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY ROEBUCK,       : | |
| : | CIVIL ACTION |
| v.                     : | |
| : | NO. 06-3945 |
| CAMERON LINDSAY, et al. : | |
| : | |
| : | |
| : | |

## Memorandum and Order

YOHN, J.                                                                 August ___, 2007

      Petitioner Anthony Roebuck, a prisoner in the U.S. Penitentiary in Waymart, Pennsylvania as a result of a federal conviction, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 attacking a prior state conviction. On December 29, 2006, petitioner filed a supplement, his second, to his habeas petition. The court then added the District Attorney of Philadelphia County as a respondent, who filed a response on August 28, 2007. For the reasons that follow, I conclude that the court lacks jurisdiction to reach the merits of the habeas petition and will dismiss it accordingly.

**I. Factual & Procedural Background**

      In 1990, a state court sentenced petitioner to one to two years of imprisonment after he pleaded guilty to possession with intent to deliver a controlled substance.[1] On March 12, 2001,

---

[1] Petitioner did not directly appeal this state conviction or sentence. The Commonwealth asserts that the sentence was actually for a minimum of six months of imprisonment up to a maximum of twenty-three months of imprisonment followed by one year on probation.

petitioner pleaded guilty to federal charges for conspiracy to possess with intent to distribute cocaine, attempt to possess with intent to distribute cocaine, and possession with intent to distribute cocaine. As a result, petitioner was sentenced to a total of 240 months of imprisonment and ten years of supervised release. Pursuant to a stipulation between the government and petitioner, the federal sentence was later reduced to an aggregate term of 120 months of imprisonment and five years of supervised release. Petitioner did not file a direct appeal of his federal conviction or sentence.

On October 30, 2003, while serving his federal sentence, petitioner filed for post-conviction relief from his state conviction pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. §§ 9541-46. Petitioner claimed that he was entitled to relief under the PCRA because the police officers who arrested him and testified against him at his state criminal proceedings had subsequently pleaded guilty to federal charges for, among other things, conspiracy to commit crimes against the United States, theft concerning programs receiving federal funds, and aiding and abetting.[2] The convicted police officers were sentenced to various terms of imprisonment. As a result, the District Attorney of Philadelphia County allegedly dropped charges against many individuals arrested by the convicted police officers. Petitioner claimed that his guilty plea in 1990 stemmed from a convicted police officer's perjured testimony, but the District Attorney refused to *nolle pros* his conviction.[3] Although petitioner

---

[2] Former police officer Steven Brown testified against petitioner at a state criminal proceeding. Brown subsequently pleaded guilty to the above federal charges.

[3] The District Attorney refused to *nolle pros* petitioner's conviction on October 8, 2003. In doing so, the District Attorney apparently relied on the fact that non-indicted police officers were also present at petitioner's arrest.

2

had already served his state sentence for imprisonment, he asserted that relief under the PCRA was proper because his federal sentence had been enhanced due to his 1990 state conviction. The state courts rejected this assertion and dismissed petitioner's request for relief under the PCRA. The state courts determined that because petitioner had completed serving his sentence for the 1990 conviction from which he sought relief, he did not have the requisite standing under the PCRA, and noted that the petition was also untimely. *Commonwealth v. Roebuck*, No. 2363 EDA 2004, slip op. at 2 (Pa. Super. Ct. Jan. 23, 2006) (interpreting 42 Pa. Cons. Stat. Ann. § 9542).[4]

On September 1, 2006, petitioner filed a form with this court for habeas corpus relief from a state conviction pursuant to § 2254; however, the contents of the petition related to his federal conviction. As such, on September 20, 2006, this court dismissed the habeas petition without prejudice to petitioner's right to file a motion for habeas relief under 28 U.S.C. § 2255. (*See* Order, Sept. 20, 2006.) Shortly following the motion's dismissal, petitioner advised the court that he intended to seek habeas relief from his state conviction and not his federal conviction. Accordingly, on October 27, 2006, petitioner filed a supplement to his habeas petition, the contents of which attacked his state conviction. Thereafter, I referred petitioner's case to a magistrate judge for a report and recommendation. On November 17, 2006, the magistrate judge—without considering the supplement to the habeas petition—construed the habeas petition as a § 2255 motion and recommended that it be denied. (*See* Report & Recom., Nov. 17, 2006.) Petitioner filed objections to the report and recommendation on December 4,

---

[4]Petitioner's request to the Supreme Court of Pennsylvania for an allowance of appeal was denied per curiam on July 12, 2006 with no further explanation, thus adopting the rationale of the Superior Court.

2006. Petitioner asserted that the magistrate judge mischaracterized his habeas petition as a § 2255 motion rather than a § 2254 petition and neglected to consider his supplement to the habeas petition.

On December 6, 2006, after reviewing the original habeas petition and its supplement, the report and recommendation, and the objections thereto, I issued an order construing the habeas petition as a petition for habeas relief from a state conviction pursuant to § 2254 and concluding that the petition was untimely unless petitioner was entitled to equitable tolling.[5] (*See* Order, Dec. 6, 2006.) Therefore, I ordered petitioner to file a supplement to his habeas petition within forty-five days of the order setting forth any grounds for equitable tolling that may exist; otherwise, the petition would be deemed untimely and dismissed. Petitioner timely filed a supplement—his second—to his habeas petition, on December 29, 2006. On June 6, 2007, I added the District Attorney of Philadelphia County as a respondent and ordered her to file a response to the habeas petition and the supplements thereto. The response, which was filed on August 28, 2007, asserts that this court lacks subject matter jurisdiction to entertain the habeas

---

[5] I also concluded that the petitioner was not entitled to statutory tolling. Because petitioner's conviction became final before the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), April 24, 1996, he had until April 24, 1997 for his habeas petition to be timely filed with this court. *See McAleese v. Brennan*, 483 F.3d 206, 212-13 (3d Cir. 2007). As petitioner did not file for relief under the PCRA until October 30, 2003, there was no properly filed application for post-conviction relief in state court from April 24, 1996 through at least October 29, 2003. It was not necessary to determine whether the PCRA petition was properly filed and tolled the statute of limitations thereafter because I found that the statute of limitations for this action had expired prior to October 30, 2003. Thus, I concluded in the December 6, 2006 order that the federal habeas petition was untimely absent equitable tolling. *See Merritt v. Blaine*, 326 F.3d 157, 161-62 (3d Cir. 2003).

4

petition. Because I agree with the District Attorney, I will dismiss the habeas petition.[6]

## II. Discussion

### A. Subject Matter Jurisdiction

Under § 2254, a federal court has "jurisdiction to entertain habeas corpus petitions from individuals who are 'in custody' pursuant to a state court judgment." *Obado v. New Jersey*, 328 F.3d 716, 717 (3d Cir. 2003) (quoting § 2254). "While the 'in custody' requirement is liberally construed for purposes of habeas corpus, for a federal court to have jurisdiction, a petitioner must be in custody under the conviction he is attacking at the time the habeas petition is filed." *Id*. (citing *Maleng v. Cook*, 490 U.S. 488, 490-92 (1989)). Individuals are "in custody" when they are in physical custody or "subject both to 'significant restraints on liberty . . . which were not shared by the public generally,' along with 'some type of continuing governmental supervision.'" *Odano*, 328 F.3d at 717 (quoting *Barry v. Bergen County Prob. Dep't*, 128 F.3d 152, 160 (3d Cir. 1997)).

Here, at the time petitioner filed his § 2254 petition, he was not "in custody" for his state conviction. In 1990, petitioner was convicted and sentenced to a minimum of one year and a maximum of two years of imprisonment. He did not file his original federal habeas petition until September 1, 2006, more than a decade after he had served his sentence for the challenged conviction. Further, petitioner cannot contend that he is "in custody" for his 1990 state conviction because the conviction was subsequently used to enhance his federal sentence, which

---

[6]As will be further discussed, petitioner has also failed to set forth any adequate basis for equitable tolling. *See infra* Part II.B. As such, even if this court had subject matter jurisdiction, the petition would be dismissed as untimely. (*See* Order, Dec. 6, 2006.)

he is currently serving. In *Lackawanna County District Attorney v. Coss*, 532 U.S. 394 (2001), the Supreme Court announced the rule that:

> [O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. . . . If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

*Coss*, 532 U.S. at 403-04 (citing *Daniels v. United States*, 532 U.S. 374 (2001)). Although the Court has recognized two exceptions to this general rule, they are both inapplicable here.[7]

Therefore, I conclude that the § 2254 petition must be dismissed for lack of subject matter jurisdiction.

**B. Timeliness**

Even if this court had subject matter jurisdiction over the § 2254 petition, it would nonetheless be dismissed as untimely. A petition for writ of habeas corpus must be timely in order for the district court to consider its merits. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a state prisoner seeking federal habeas relief must file his habeas petition within one year of the date on which his judgment of conviction became final. 28

---

[7]The Supreme Court recognized "an exception to the general rule for § 2254 petitions that challenge an enhanced sentence on the basis that the prior conviction used to enhance the sentence was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment." *Coss*, 532 U.S. at 404. The Supreme Court also "suggested, but expressly chose not to define, an exception in 'rare cases in which no channel of review was actually available to a defendant with respect to a prior conviction, due to no fault of his own.'" *Drakes v. INS*, 330 F.3d 600, 605 (3d Cir. 2003) (quoting *Daniels v. United States*, 532 U.S. 374, 383 (2001)).

Here, petitioner does not claim that his 1990 state conviction was obtained as a result of a failure to appoint counsel in violation of the Sixth Amendment. Further, petitioner chose not to pursue the channels of review, which were clearly available to him.

U.S.C. § 2244(d)(1). However, where a habeas petitioner's conviction became final prior to AEDPA's effective date of April 24, 1996, he has "a one-year grace period after the effective date to file a habeas corpus petition." *McAleese v. Brennan*, 483 F.3d 206, 212-13 (3d Cir. 2007); *see also Duncan v. Walker*, 533 U.S. 167, 183-84 (2001). The one-year limitation period is subject to two tolling exceptions: (1) statutory tolling, during the time a "properly filed" application for state post-conviction review is pending in state court and (2) equitable tolling, a judicially crafted exception. 28 U.S.C. § 2244(d)(2); *Merritt v. Blaine*, 326 F.3d 157, 161 (3d Cir. 2003). Here, there is no basis for statutory tolling from April 24, 1996 until October 30, 2003. *See supra* note 5. Thus, unless petitioner can demonstrate a basis for equitable tolling, his habeas petition must be dismissed as untimely. (*See* Order, Dec. 6, 2006.)

The Third Circuit has stated that "[e]quitable tolling is available only when the principle of equity would make the rigid application of a limitation period unfair." *Merritt*, 326 F.3d at 168 (quotations omitted). As such, courts should be sparing in their use of equitable tolling, applying it "only in the rare situation where [it] is demanded by sound legal principles as well as the interests of justice." *LaCava v. Kyler*, 398 F.3d 271, 275 (3d Cir. 2005). There are two general requirements for equitable tolling: "(1) that 'the petitioner has in some *extraordinary* way been prevented from asserting his or her rights;' and (2) that the petitioner has shown that 'he or she exercised reasonable diligence in investigating and bringing [the] claims.'" *Merritt*, 326 F.3d at 168 (quoting *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001)) (emphasis added); *see also Miller v. N.J. Dep't of Corr.*, 145 F.3d 616, 618 (3d Cir. 1998) (citing *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir. 1994)). Thus, equitable tolling "may be appropriate if (1) the defendant has actively misled the plaintiff, (2) if the plaintiff has 'in

some extraordinary way' been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." *Kocian v. Getty Refining & Mktg. Co.*, 707 F.2d 748, 753 (3d Cir. 1983) (quoting *Sch. Dist. of the City of Allentown v. Marshall*, 657 F.2d 16, 20 (3d Cir. 1981)); *see also Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999) (citing *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998)).

Because the conviction petitioner seeks to challenge became final prior to AEDPA's effective date of April 24, 1996, he had until April 24, 1997 to file a timely habeas petition. *See McAleese*, 483 F.3d at 212-13. However, the habeas petition was not filed until September 1, 2006. Petitioner contends that this court should equitably toll AEDPA's one-year time limitation because the District Attorney—by not reaching a final decision on whether to *nolle pros* petitioner's conviction until October 8, 2003—somehow caused him to file for federal habeas relief after AEDPA's one-year time limitation had expired. This argument is without merit.

Even if petitioner's allegations were accepted as true, they still fail to establish that petitioner has in some extraordinary way been prevented from asserting his habeas claims and that he exercised reasonable diligence in bringing those claims. *See Merritt*, 326 F.3d at 168. Petitioner alleges that he was notified by his former counsel in late-1995 or early-1996 of the facts underlying his habeas claims—his 1990 conviction was under review by the District Attorney because it could have been tainted in light of an arresting officer's subsequent conviction of certain crimes against the United States. (First Suppl. to Habeas Pet. ¶¶ 22, 29); *see supra* notes 2 & 3. Thereafter, petitioner claims he relied on the District Attorney to *nolle pros* his conviction rather than challenging his state conviction by filing a federal habeas petition. This remained true even after petitioner discovered on or about August 24, 2000—when the U.S.

Attorney filed a 22 U.S.C. § 855 sentence enhancement based on the 1990 state conviction—that the District Attorney had not yet decided whether to *nolle pros* his 1990 state conviction. (First Suppl. to Habeas Pet. ¶¶ 24, 25.) Petitioner finally filed a federal habeas petition challenging the 1990 conviction on September 1, 2006, more than ten years after discovering the facts underlying his habeas claims, six years after his federal sentencing was enhanced by the state conviction, and three years after the District Attorney determined not to *nolle pros* his 1990 conviction.

Notably, plaintiff does not allege that the government's conduct or communications were actively misleading. Petitioner's allegations do not show that government officials interfered with petitioner's presentation of his habeas claims, but that petitioner chose to delay seeking federal habeas relief while the District Attorney considered his repeated requests to *nolle pros* the 1990 conviction. Petitioner was aware of the nature of his habeas claims by at least early-1996, slept on his rights to pursue those claims until at least October 30, 2003, and did nothing in this court until September 1, 2006.[8] Therefore, because petitioner has not established that he has in some extraordinary way been prevented from asserting his habeas claims and that he exercised reasonable diligence in bringing those claims, I am unable to conclude that petitioner's case is one of those "rare situations" that demands equitable tolling. *LaCava*, 398 F.3d at 275. Thus, even if this court had jurisdiction to reach the merits of the § 2254 petition, it would nevertheless be dismissed as untimely.

### III. Conclusion

---

[8]The third scenario where equitable tolling may be appropriate—when a petitioner has timely asserted his rights mistakenly in the wrong forum—is not relevant to the instant action. *See Kocian*, 707 F.2d at 753 (quoting *Marshall*, 657 F.2d at 20).

For the reasons stated above, the petition for writ of habeas corpus pursuant to § 2254 will be dismissed for lack of subject matter jurisdiction. In addition, I find that even if this court had subject matter jurisdiction over the habeas petition, it would nonetheless be dismissed as untimely. The court must now determine if a certificate of appealability should issue.

A court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires that the petitioner "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

Here, reasonable jurists would not disagree that petitioner was no longer "in custody" for his 1990 state conviction under § 2254 when he filed his habeas petition. Further, as shown above, the habeas petition plainly violates the time limitations of AEDPA. *See* § 2244(d)(1). Therefore, a certificate of appealability will not issue.

An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY ROEBUCK, | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 06-3945 |
| CAMERON LINDSAY, et al. | : | |

## Order

AND NOW on this _____ day of August 2007, upon careful consideration of the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, the supplements thereto and the response, it is hereby ORDERED that:

1. The petition for writ of habeas corpus is DISMISSED for lack of subject matter jurisdiction and as untimely.

2. The petitioner having failed to make a substantial showing of the denial of a constitutional right, there is no ground to issue a certificate of appealability.

3. The Clerk shall CLOSE this case statistically.

                                                         s/ William H. Yohn Jr.
                                                         William H. Yohn Jr., Judge